CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RKu

MAR 29 2010

JOHN F. CORCORAN, CLERK
BY: HMcDorago
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEREMY WAYNE EVANS, ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> HALIFAX COUNTY, VA CIRCUIT ) <br> COURT, et al., ) <br> Respondent(s). ) | Civil Action No. 7:10-cv-00133 <br><br> MEMORANDUM OPINION <br><br> By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Jeremy Wayne Evans, a federal prisoner awaiting trial on charges pending in the Circuit Court for Halifax County, Virginia, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner alleges that the Commonwealth of Virginia has not timely tried petitioner for his state charges and his court-appointed attorney is providing ineffective assistance, in violation of the Sixth Amendment. Petitioner also alleges that state courts are convicting him twice for the same probation violation, constituting double jeopardy. Petitioner requests as relief an order compelling the state court to commence his trial. The petition and state court records reflect that petitioner has not sought relief from an appropriate state court.

A habeas petitioner may challenge his custody as a pretrial detainee via 28 U.S.C. § 2241. Although § 2241 does not expressly require exhaustion of state law remedies, concerns of comity and federalism necessitate the exhaustion of state court remedies when a state pretrial detainee seeks release from custody for the state criminal charges that are pending in state court. See Carden v. Mont., 626 F.2d 82, 83-84 (9th Cir. 1980). See also Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973); Moore v. De Young, 515 F.2d 437, 442-43 (3d Cir. 1975). Absent extraordinary circumstances, federal courts must not interfere with pending state criminal proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Harkrader v.

Wadley, 172 U.S. 148, 169-70 (1898); Taylor v. Taintor, 83 U.S. 366, 370 (1873). Federal district courts should abstain from constitutional challenges to state judicial proceedings, regardless of a claim's merits, if the federal claims could be presented in the ongoing state judicial proceeding. Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 52-53 (4th Cir. 1989).

Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits the court from enjoining the proceedings from which petitioner seeks relief. See Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587-88 & nn.2-4 (4th Cir. 1969) (federal courts may not issue writs of mandamus against state courts). Alternatively, I lack jurisdiction to grant mandamus relief against state officials or state agencies. See Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969).

"Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc). Therefore, I find that petitioner has state court remedies available to him, no extraordinary circumstances exist in this case, and I may not interfere with ongoing state criminal proceedings. Accordingly, I may not order petitioner's requested relief, and I dismiss the petition without prejudice.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

**ENTER**: This 29th day of March, 2010.

Senior United States District Judge